UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MIA L. WHITE,

        Plaintiff,

        v.                                       Case No. 19-C-1629

WISCONSIN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff, who is currently incarcerated at Robert E. Ellsworth Correctional Center and representing herself, filed a complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $49.25. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On September 13, 2018, Plaintiff was seen by Defendant Weber, a doctor at Taycheedah Correctional Institution, for severe pain in the lower lumbar region of her spine. Plaintiff alleges she had been complaining of pain for weeks and, after meeting with Defendant Weber, still did not receive a proper exam. She claims that Defendant Weber ignored her pain and denied Plaintiff an x-ray of her back and an MRI. On September 25, 2018, Plaintiff saw Defendant Lemmenes,

who diagnosed Plaintiff with burtitis, but refused to order an MRI. Plaintiff received an injection into her right bursa, but her back pain persisted and Plaintiff dropped multiple slips to be seen again without results or answers. Plaintiff claims that she was told she was not receiving an x-ray or MRI because the medical staff "were professionals and knew what they were doing."

Plaintiff alleges that medical staff did not make a final diagnosis or take appropriate precautions. As a result, Plaintiff claims she will be in pain for the rest of her life because she fractured her back and has since gained over 50 pounds because of her injury. After this injury, Plaintiff has been taking medication due to severe depression and takes Cymbalta for severe pain and aches (prescribed by her "psyc. Doctor" because the medical staff had not been providing proper pain medication).

Plaintiff claims that "due to the negligence of not making a proper diagnosis and ruling out anything serious by doing a[n] X-ray or MRI, [she is] stuck in pain unable to sit, stand or walk for long periods of time." Plaintiff says she is scheduled to see a neurosurgeon as part of her discharge instructions given by the medical doctor from an emergency room visit on August 20, 2019.

**THE COURT'S ANALYSIS**

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion)). The Court was careful to point out, however, that this did not mean that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. *Id.* at 105. In particular, the Court made clear that "in the medical context, an inadvertent failure to provide adequate medical care cannot be said to

3

constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id.* at 105–06. The Court explicitly noted:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id.* at 106.

In *Gamble*, as in this case, the plaintiff prisoner claimed that the doctors diagnosed his injury as a lower back strain and treated it with bed rest, muscle relaxants, and pain relievers. *Id.* at 107. He claimed that more should have been done by way of diagnosis and treatment, and suggested a number of options that were not pursued, including an x-ray of his lower back, that he believed would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing. *Id.* The Court rejected this argument, stating:

> the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act.

*Id.*

The same is true here. Plaintiff herself characterizes the conduct of the defendants as negligent. She fails to allege any facts that would suggest they were deliberately indifferent to her serious medical need. She identifies no symptoms that should have alerted them that her condition was more serious than they realized, and identifies only two visits by Dr. Weber and NP Lemmenes. She has not alleged facts that show Defendants recklessly, i.e. culpably, ignored her serious medical condition by refusing care or intentionally ignoring her condition. Instead,

4

they provided multiple courses of treatment and medication (in addition to scheduling an offsite neurosurgeon appointment). Thus, Plaintiff fails to plausibly allege that officials were deliberately indifferent to her serious medical needs to state a claim under the Eighth Amendment. At most, she has alleged a state law claim of negligence or medical malpractice over which this court lacks jurisdiction.

Plaintiff's complaint will therefore be dismissed as she has failed to state a claim over which this court has subject matter jurisdiction. If she is able to truthfully and in good faith allege facts sufficient to support an Eighth Amendment claim, she may file an amended complaint on or before **January 25, 2020**. Failure to do so will result in dismissal of the case.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that on or before **January 25, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from her institution trust account the $300.75 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 23rd day of December, 2019.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court