UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIA L. WHITE,

        Plaintiff,

     v.                                                        Case No. 19-C-1629

BARBARA WEBER and MARY G. LEMMENES,

        Defendants.

## SCREENING ORDER

Plaintiff Mia White, who is currently serving a state prison sentence at Robert E. Ellsworth Correctional Center and representing herself, filed a complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. In a previous order, the court granted White's motion to proceed without prepayment of her filing fee, 28 U.S.C. § 1915(b)(1), but dismissed her complaint for failing to state a claim. White claimed that medical personnel at Taycheedah Correctional Institution (TCI), where she was serving a sentence, were negligent in failing to properly diagnose and treat her medical conditions. The court dismissed the complaint, noting that negligence was not a federal claim. White was given leave to file an amended complaint on or before January 25, 2020, setting forth the facts needed to state a claim and provide the defendants notice of what her claim was about. White filed her amended complaint on January 23, 2020, and it is ready for screening.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Liberally construed, White alleges Dr. Barbara Weber and Mary Lemmnes, both on the medical staff at TCI, were deliberately indifferent to her serious medical needs. She claims she has been suffering from severe back pain and numbness, and could barely walk or stand. At times she felt she was paralyzed and couldn't move. Despite her complaint, Dr. Weber and Lemmnes failed to properly diagnose and treat her condition. White alleges she was eventually taken to the emergency room where she was told she had an untreated back fracture. As a result of the failure to attend to her complaints, White alleges that the defendants caused her extreme pain and she may become paralyzed.

The Supreme Court held in *Estelle v Gamble*, 429 U.S. 97, 104 (1976), that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and unwanton infliction of pain proscribed by the Eighth Amendment. White's allegations that medical staff at TCI ignored her complaints of severe pain and failed to take proper steps to diagnose and treat her conditions is sufficient, at the pleading stage, to state a claim under this principle of law. Accordingly, White's case may proceed against Doctor or Nurse Practitioner Mary Lemmenes and Dr. Barbara Weber who she claims were directly involved in her care.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 3rd day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court